UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAMILL VEGA,

           Plaintiff,

      -against-

THE CITY OF NEW YORK, CORRECTION OFFICER
HEHL, CAPTAIN BOODOO, CAPTAIN MALCOM,
CORRECTION OFFICER DOES #1-2,

           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANT CITY OF
NEW YORK**

23 Civ. 5645 (CM)

**Jury Trial Demanded**

      Defendant City of New York (the "City"), by its attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

      1.    Denies the allegations in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

      2.    Denies the allegations in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

      3.    Paragraph "3" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

      4.    Denies the allegations in paragraph "4" of the Complaint, except admits that the New York City Comptroller received purported Notices of Claim on behalf of plaintiff on or about July 5, 2022, and August 3, 2022, which were assigned claim numbers 2022PI019057 and 2022PI021998, respectively.

5.      Denies the allegations in paragraph "5" of the Complaint, except admits that plaintiff appeared for hearings pursuant to New York General Municipal Law § 50-h on September 21, 2022, and January 18, 2023.

6.      Denies the allegations in paragraph "6" of the Complaint, except admits that claim numbers 2022PI019057 and 2022PI021998 have not been settled or otherwise resolved.

7.      Denies the allegations in paragraph "7" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

8.      Denies the allegations in paragraph "8" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint.

10.     Denies the allegations in paragraph "10" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

11.     Denies the allegations in paragraph "11" of the Complaint, except admits that the City of New York maintains a corrections department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Department of Correction ("DOC").

12.     Denies the allegations in paragraph "12" of the Complaint, except admits, upon information and belief, that Correction Officer Hehl was employed by DOC during May of 2022.

13.     Denies the allegations in paragraph "13" of the Complaint, except admits, upon information and belief, that Correction Officer Boodoo was employed by DOC in February and March of 2022.

14.     Denies the allegations in paragraph "14" of the Complaint, except admits, upon information and belief, that Correction Officer Malcolm was employed by DOC in February through April of 2022.

15.     Denies the allegations in paragraph "15" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

16.     Denies the allegations in paragraph "16" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

17.     Denies the allegations in paragraph "17" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

18.     Denies the allegations in paragraph "18" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

19.     Denies the allegations in paragraph "18" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

20.     Paragraph "20" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

21.     Paragraph "21" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

22.     Paragraph "22" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

23.     Denies the allegations in paragraph "23" of the Complaint.

24.     Denies the allegations in paragraph "24" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's height and weight.

25.     Denies the allegations in paragraph "25" of the Complaint.

26.     Denies the allegations in paragraph "26" of the Complaint.

27.     Denies the allegations in paragraph "27" of the Complaint.

28.     Denies the allegations in paragraph "28" of the Complaint.

29.     Denies the allegations in paragraph "29" of the Complaint.

30.     Denies the allegations in paragraph "30" of the Complaint, except admits, upon information and belief, that plaintiff was housed in housing area 4 Lower North at the Robert N. Davoren Complex ("RNDC") from approximately March 25, 2022, until approximately April 5, 2022.

31.     Denies the allegations in paragraph "31" of the Complaint.

32.     Denies the allegations in paragraph "32" of the Complaint.

33.     Denies the allegations in paragraph "33" of the Complaint, except admits that plaintiff was involved in a fight in housing 4 Lower North at RNDC on or about April 4, 2022, along with Alaijah Carr.

34.     Denies the allegations in paragraph "34" of the Complaint, except admits, upon information and belief, that on April 4, 2022, there were a number of inmates in the dayroom of housing area 4 Lower North at RNDC, including plaintiff; and that there were correction officers in the vicinity of the dayroom.

35.     Denies the allegations in paragraph "35" of the Complaint, except admits that, on April 4, 2022, a number of inmates were involved in a fight in the dayroom of housing area 4 Lower North at RNDC, including plaintiff.

36.     Denies the allegations in paragraph "36" of the Complaint, except admits that, on April 4, 2022, a number of inmates were involved in a fight in the dayroom of housing area 4 Lower North at RNDC, including plaintiff.

37.     Denies the allegations in paragraph "37" of the Complaint, except admits that, on April 4, 2022, plaintiff knocked on a door to the dayroom of housing area 4 Lower North at RNDC during a fight.

38.     Denies the allegations in paragraph "38" of the Complaint, except admits that, on April 4, 2022, inmates knocked on a door to the dayroom of housing area 4 Lower North at RNDC during a fight.

39.     Denies the allegations in paragraph "39" of the Complaint, except admits that, on April 4, 2022, plaintiff was involved in a fight in the dayroom of housing area 4 Lower North at RNDC.

40.     Denies the allegations in paragraph "40" of the Complaint, except admits, upon information and belief, that plaintiff received medical attention after being involved in a fight in the day room of housing area 4 Lower North at RNDC on April 4, 2022..

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint, except admits, upon information and belief, that plaintiff was transferred to the Vernon C. Bain Center on or around April 9, 2022.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint, except admits, upon information and belief, that plaintiff was on a transport bus on or about May 4, 2022.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint, except admits, upon information and belief, that plaintiff arrived to the Vernon C. Bain Center ("VCBC") on a transport bus at approximately 7:29 p.m. on May 4, 2022.

44.     Denies the allegations in paragraph "44" of the Complaint, except admits, upon information and belief, that plaintiff was handcuffed on a transport bus at VCBC on May 4, 2022, and had an interaction with Correction Officer Hehl.

45.     Denies the allegations in paragraph "45" of the Complaint.

46.     Denies the allegations in paragraph "46" of the Complaint, except admits, upon information and belief, that plaintiff walked into VCBC on May 4, 2022.

47.     Denies the allegations in paragraph "47" of the Complaint.

48.     Denies the allegations in paragraph "48" of the Complaint.

49.     Denies the allegations in paragraph "49" of the Complaint, except admits, upon information and belief, that plaintiff received medical attention on May 4, 2022.

50.     Denies the allegations in paragraph "50" of the Complaint.

51.     Denies the allegations in paragraph "51" of the Complaint.

52.     Denies the allegations in paragraph "52" of the Complaint.

53.     Denies the allegations in paragraph "53" of the Complaint; and respectfully refers the Court to the cited document for a full and accurate recitation of its contents.

54.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Complaint.

55.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Complaint.

56.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Complaint.

57.    Denies the allegations in paragraph "57" of the Complaint, except admits that plaintiff purports to seek relief as stated therein.

58.    Paragraph "58" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

59.    Paragraph "59" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

60.    In response to the allegations in paragraph "60" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

61.    Paragraph "61" of the Complaint is a conclusion of law and, thus, no response is required.

62.    Paragraph "62" of the Complaint is a conclusion of law and, thus, no response is required.

63.    Paragraph "63" of the Complaint is a conclusion of law and, thus, no response is required.

64.    Paragraph "64" of the Complaint is a conclusion of law and, thus, no response is required.

65.     Paragraph "65" of the Complaint is a conclusion of law and, thus, no response is required.

66.     In response to the allegations in paragraph "66" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

67.     Denies the allegations in paragraph "67" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

68.     Paragraph "68" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

69.     Denies the allegations in paragraph "69" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

70.     Paragraph "70" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

71.     Paragraph "71" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

72.     Paragraph "72" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

73.     In response to the allegations in paragraph "73" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

74.     Paragraph "74" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

75.    Denies the allegations in paragraph "75" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

76.    Denies the allegations in paragraph "76" of the Complaint.

77.    Denies the allegations in paragraph "77" of the Complaint.

78.    In response to Paragraph "80" of the Complaint, respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

79.    Denies the allegations in paragraph "79" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

80.    Denies the allegations in paragraph "80" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

81.    Denies the allegations in paragraph "81" of the Complaint.

82.    Denies the allegations in paragraph "82" of the Complaint.

83.    Denies the allegations set forth in paragraph "83" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

84.    Denies the allegations set forth in paragraph "84" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

85.    Denies the allegations in paragraph "85" of the Complaint.

86.    Denies the allegations in paragraph "86" of the Complaint.

87.    Denies the allegations set forth in paragraph "87" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

88.     Denies the allegations in paragraph "88" of the Complaint.

89.     Denies the allegations in paragraph "89" of the Complaint.

90.     Denies the allegations set forth in paragraph "90" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

91.     In response to Paragraph "122" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

92.     Denies the allegations set forth in paragraph "92" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

93.     Denies the allegations set forth in paragraph "93" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

94.     In response to Paragraph "94" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

95.     In response to Paragraph "95" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

96.     In response to Paragraph "96" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

97.     In response to Paragraph "97" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

98.     In response to Paragraph "98" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

99.     Denies the allegations set forth in paragraph "99" of the Complaint.

100.    Denies the allegations set forth in paragraph "100" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

101.    Denies the allegations set forth in paragraph "101" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

102.    Denies the allegations set forth in paragraph "102" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

103.    Denies the allegations set forth in paragraph "103" of the Complaint.

104.    Denies the allegations set forth in paragraph "104" of the Complaint.

105.    Denies the allegations set forth in paragraph "105" of the Complaint.

106.    Denies the allegations set forth in paragraph "106" of the Complaint.

107.    Denies the allegations set forth in paragraph "107" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

108.    Denies the allegations set forth in paragraph "108" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

109.    Denies the allegations set forth in paragraph "109" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

110.     Denies the allegations set forth in paragraph "110" of the Complaint.

111.     Denies the allegations set forth in paragraph "111" of the Complaint.

112.     Denies the allegations set forth in paragraph "112" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

113.     Denies the allegations set forth in paragraph "113" of the Complaint.

114.     Denies the allegations set forth in paragraph "114" of the Complaint.

115.     Denies the allegations set forth in paragraph "115" of the Complaint.

116.     Denies the allegations set forth in paragraph "116" of the Complaint.

117.     Denies the allegations set forth in paragraph "117" of the Complaint.

118.     Denies the allegations set forth in paragraph "118" of the Complaint.

119.     Denies the allegations set forth in paragraph "119" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

120.     Denies the allegations set forth in paragraph "120" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

121.     Denies the allegations set forth in paragraph "121" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

122.     Denies the allegations set forth in paragraph "122" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

123.    In response to Paragraph "123" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

124.    Denies the allegations set forth in paragraph "124" of the Complaint.

125.    In response to Paragraph "125" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

126.    In response to Paragraph "126" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

127.    In response to Paragraph "127" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

128.    In response to Paragraph "128" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

129.    Denies the allegations set forth in paragraph "129" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

130.    Denies the allegations set forth in paragraph "130" of the Complaint and respectfully refers the Court to the document referenced quotation for a complete and accurate recitation of its contents.

131.    In response to Paragraph "131" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

132.    In response to Paragraph "132" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

133.    Denies the allegations set forth in paragraph "129" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

134.    Denies the allegations set forth in paragraph "134" of the Complaint.

135.    In response to Paragraph "135" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

136.    Denies the allegations set forth in paragraph "136" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

137.    In response to Paragraph "137" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

138.    In response to Paragraph "138" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

139.    In response to Paragraph "139" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

140.    Denies the allegations set forth in paragraph "140" of the Complaint.

141.    Denies the allegations set forth in paragraph "141" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

142.    Denies the allegations set forth in paragraph "142" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

143.    Denies the allegations set forth in paragraph "143" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

144.    Denies the allegations set forth in paragraph "144" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

145.    Denies the allegations set forth in paragraph "145" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

146.    Denies the allegations set forth in paragraph "146" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

147.    Denies the allegations set forth in paragraph "147" of the Complaint.

148.    Denies the allegations set forth in paragraph "148" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

149.    Denies the allegations set forth in paragraph "149" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

150.    Denies the allegations set forth in paragraph "150" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

151.     Denies the allegations set forth in paragraph "151" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

152.     Denies the allegations set forth in paragraph "152" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

153.     Denies the allegations set forth in paragraph "153" of the Complaint.

154.     Denies the allegations set forth in paragraph "154" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

155.     Denies the allegations set forth in paragraph "155" of the Complaint.

156.     Denies the allegations set forth in paragraph "156" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

157.     Denies the allegations set forth in paragraph "157" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

158.     Denies the allegations set forth in paragraph "158" of the Complaint.

159.     Denies the allegations set forth in paragraph "159" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

160.     Denies the allegations set forth in paragraph "160" of the Complaint.

161.    In response to Paragraph "161" of the Complaint, respectfully refers the Court to the cited to documents for a complete and accurate recitation of their contents.

162.    In response to Paragraph "162" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

163.    Denies the allegations set forth in paragraph "163" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

164.    Denies the allegations set forth in paragraph "164" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

165.    Denies the allegations set forth in paragraph "165" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

166.    Denies the allegations set forth in paragraph "166" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

167.    Denies the allegations set forth in paragraph "167" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

168.    Denies the allegations set forth in paragraph "168" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

169.    In response to the first sentence of Paragraph "169" of the Complaint, respectfully refers the Court to the cited to documents for a complete and accurate recitation of their contents; concerning the second sentence in Paragraph "169" of the Complaint, admits only that Rabiah Gaynor stated that in December 2021, 1,061 of the 43,090 scheduled clinic appointments were missed for "no escorts."

170.    Denies the allegations set forth in paragraph "170" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

171.    Denies the allegations set forth in paragraph "171" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

172.    Denies the allegations set forth in the first sentence of Paragraph "172" of the Complaint and, concerning the second and third sentences of Paragraph "158," respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

173.    Denies the allegations set forth in paragraph "173" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

174.    Denies the allegations set forth in paragraph "174" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

175.    Denies the allegations set forth Paragraph "175" of the Complaint, except admits that, upon information and belief, Brandon Rodriguez, Segundo Guallpa, Tomas Carlo-Camacho, Javier Velasco, Anthony Scott, and Dashawn Carter passed away in DOC custody.

176.    Denies the allegations set forth in paragraph "176" of the Complaint.

177.    Denies the allegations set forth in paragraph "177" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

178.    In response to Paragraph "178" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

179.    Denies the allegations set forth in paragraph "179" of the Complaint.

180.    Denies the allegations set forth in paragraph "180" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

181.    Denies the allegations set forth in paragraph "181" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

182.    Denies the allegations set forth in paragraph "182" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

183.    Denies the allegations set forth in paragraph "183" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

184.    Denies the allegations set forth in paragraph "184" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

185.    Denies the allegations set forth in paragraph "185" of the Complaint.

186.    Denies the allegations set forth in paragraph "186" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

187.    Denies the allegations set forth in paragraph "187" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

188.    Denies the allegations set forth in paragraph "188" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

189.    Denies the allegations set forth in paragraph "189" of the Complaint insofar as it contains any averments of fact and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

190.    Denies the allegations set forth in paragraph "190" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

191.    Denies the allegations set forth in paragraph "191" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

192.    Denies the allegations set forth in paragraph "192" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

193.    Denies the allegations set forth in paragraph "193" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

194.    Denies the allegations set forth in paragraph "194" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

195.    Denies the allegations set forth in paragraph "195" of the Complaint.

196.    Denies the allegations set forth in paragraph "196" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

197.    Denies the allegations set forth in paragraph "197" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

198.    Denies the allegations set forth in paragraph "198" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

199.    Denies the allegations set forth in paragraph "199" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

200.    Denies the allegations set forth in paragraph "200" of the Complaint; insofar as it contains conclusions of law, no response is required.

201.    Denies the allegations set forth in paragraph "201" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

202.    Denies the allegations set forth in paragraph "202" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

203.    Denies the allegations set forth in paragraph "203" of the Complaint; insofar as it contains conclusions of law, no response is required.

204.    Denies the allegations set forth in paragraph "204" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

205.    In response to Paragraph "205" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

206.    Denies the allegations set forth in Paragraph "206" of the Complaint and respectfully refers the Court to the referenced lawsuit for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

207.    Denies the allegations set forth in Paragraph "207" of the Complaint and respectfully refers the Court to the referenced quotation for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

208.    Denies the allegations set forth in Paragraph "208" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

209.    Denies the allegations set forth in paragraph "209" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

210.    Denies the allegations set forth in paragraph "210" of the Complaint.

211.    In response to Paragraph "211" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

212.    Denies the allegations set forth in paragraph "212" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

213.    Denies the allegations set forth in paragraph "213" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

214.    Denies the allegations set forth in paragraph "214" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

215.    Denies the allegations set forth in paragraph "215" of the Complaint; insofar as it contains conclusions of law, no response is required.

216.    Denies the allegations set forth in paragraph "216" of the Complaint; insofar as it contains conclusions of law, no response is required.

217.    In response to Paragraph "217" of the Complaint, respectfully refers the Court to the cited to case for a complete and accurate recitation of its contents.

218.    Denies the allegations set forth in paragraph "218" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

219.    In response to Paragraph "219" of the Complaint, respectfully refers the Court to the cited to case for a complete and accurate recitation of its contents.

220.    In response to Paragraph "220" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

221.    Denies the allegations set forth in Paragraph "221" of the Complaint and respectfully refers the Court to the cited to documents for a complete and accurate recitation of their contents; insofar as it contains conclusions of law, no response is required.

222.    Denies the allegations set forth in paragraph "222" of the Complaint.

223.    Denies the allegations set forth in paragraph "223" of the Complaint.

224.    In response to Paragraph "224" of the Complaint, respectfully refers the Court to the referenced documents for a complete and accurate recitation of their contents.

225.    Denies the allegations set forth in paragraph "225" of the Complaint and respectfully refers the Court to the cited documents for a complete and accurate recitation of their contents.

226.    Denies the allegations set forth in paragraph "226" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

227.    Denies the allegations set forth in paragraph "227" of the Complaint.

228.    Denies the allegations set forth in paragraph "228" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

229.    Denies the allegations set forth in paragraph "229" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

230.    Denies the allegations set forth in paragraph "230" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

231.    Denies the allegations set forth in paragraph "231" of the Complaint and respectfully refers the Court to the cited document for a complete and accurate recitation of its contents.

232.    Denies the allegations set forth in Paragraph "232" of the Complaint concerning the City's compliance and respectfully refers the Court to the cited to injunction for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

233.    In response to Paragraph "233" of the Complaint, respectfully refers the Court to the cited to document for a complete and accurate recitation of its contents.

234.    Denies the allegations set forth in paragraph "234" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

235.    Denies the allegations set forth in paragraph "235" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

236.    Denies the allegations set forth in paragraph "236" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

237.    Paragraph "237" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

238.    In response to the allegations in paragraph "238" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

239.    Denies the allegations set forth in paragraph "239" of the Complaint insofar as it contains any averments of fact; insofar as it contains conclusions of law, no response is required.

240.    Paragraph "240" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

241.    Paragraph "241" of the Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

242.    In response to the allegations in paragraph "242" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

243.    Paragraph "243" of the Complaint is a conclusion of law and, thus, no response is required.

244.    Paragraph "244" of the Complaint is a conclusion of law and, thus, no response is required.

245.    Paragraph "245" of the Complaint is a conclusion of law and, thus, no response is required.

246.    Paragraph "246" of the Complaint is a conclusion of law and, thus, no response is required.

247.    In response to the allegations in paragraph "247" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

248.    Paragraph "248" of the Complaint is a conclusion of law and, thus, no response is required.

249.    Paragraph "249" of the Complaint is a conclusion of law and, thus, no response is required.

250.    Paragraph "250" of the Complaint is a conclusion of law and, thus, no response is required.

251.    Paragraph "251" of the Complaint is a conclusion of law and, thus, no response is required.

252.    In response to the allegations in paragraph "252" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

253.    Paragraph "253" of the Complaint is a conclusion of law and, thus, no response is required.

254.    Paragraph "254" of the Complaint is a conclusion of law and, thus, no response is required.

255.    Paragraph "255" of the Complaint is a conclusion of law and, thus, no response is required.

256.    Paragraph "256" of the Complaint is a conclusion of law and, thus, no response is required.

257.    Paragraph "257" of the Complaint is a conclusion of law and, thus, no response is required.

## FIRST AFFIRMATIVE DEFENSE:

258.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

259.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of defendant City.

## THIRD AFFIRMATIVE DEFENSE:

260.    Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any Act of Congress providing for the protection of civil rights.

## SIXTH AFFIRMATIVE DEFENSE:

261.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

262.    Plaintiff may have failed to mitigate his alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE:**

263.    Plaintiff provoked any incident that occurred by, *inter alia*, engaging in a fight.

**ELEVENTH AFFIRMATIVE DEFENSE:**

264.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE:**

265.    To the extent that plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of plaintiff's failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

**THIRTEENTH AFFIRMATIVE DEFENSE:**

266.    Punitive damages are not recoverable against the City of New York.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

267.    Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), for failure to exhaust his administrative remedies.

**WHEREFORE,** defendant City requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
           October 25, 2023

                            HON. SYLVIA O. HINDS-RADIX
                            Corporation Counsel of the
                             City of New York
                            *Attorney for Defendant City*

              By:    /s/ *Zachary Kalmbach*
                     Zachary Kalmbach
                     *Assistant Corporation Counsel*

cc:    **VIA ECF**
       All counsel of record