UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAMILL VEGA,

                                            Plaintiff,

            -against-

CITY OF NEW YORK, ET AL.,

                                            Defendants.

------------------------------------------------------------------------ x

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

23 Civ. 5645 (CM)

**WHEREAS**, defendants City of New York and Boodoo ("defendants") anticipate that they will produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

**WHEREAS**, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

    1.    This Action shall mean <u>Yamill Vega v. City of New York, et al.</u>, 23 Civ. 5645 (CM), currently pending in the Southern District of New York;

    2.    "Confidential Materials" shall mean (a) the records of internal investigations conducted by the New York City Department of Correction or other City agencies, and (b) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by defendants or the Court, except that such

documents and information shall not be designated "Confidential Materials" to the extent that they are obtained pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly obtainable.

3. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from non-parties. Defendants reserve the right to designate any document as "Confidential Materials" pursuant to this Stipulation and Protective Order, if necessary, after production of such documents to plaintiff.

4. Any document produced by a non-party pursuant to a subpoena in this Action and that is designated as Confidential Material by defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

5. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or other basis for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any document or information contained therein during any proceeding in this litigation or otherwise.

6. Neither plaintiff nor her attorneys shall not use the Confidential Materials for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action.

7. Neither plaintiff nor his attorneys shall disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting plaintiff's claims or defenses in this action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for trial of this action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), counsel for plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this action and not to make further disclosure of the Confidential Materials, except in testimony taken in this action. Plaintiff's attorneys shall retain the signed consent and furnish a copy to defendants' counsel upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

8. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. Defendants' counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Materials either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind

the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential Materials," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by defendants' counsel. In order to effectuate the purpose of subsection (b), all parties are to hold the transcript as confidential until defendants have had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

10. If plaintiff objects to the designation of any particular Confidential Materials, counsel shall state such objection in writing to defendants' counsel, and counsel shall in good faith attempt to resolve such objection. If the objection cannot be resolved, then, within thirty (30) days of receiving defendants' response to plaintiff's objections, plaintiff shall seek judicial intervention in keeping with the Court's Individual Practices and Procedures. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11. Where a party seeks to file papers before Judge McMahon that incorporate specific and identifiable content from Confidential Materials or otherwise reveal the contents thereof, the party must first make an application to Judge McMahon for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. The party seeking to file papers that incorporate Confidential Materials must contact nonmoving party seven (7) days prior to making application to let them know of their intention to file said papers.

12. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. This provision does not apply to the filing of an expert report, summary of evidence pursuant to Federal Rule of Evidence 1006, or other similar compilation that used in its preparation documents or information designated Confidential, provided that such filing does not specifically identify content from the underlying documents that is designated Confidential.

13. The parties agree to incorporate the following pursuant to the addendum set forth in Section VI of the Individual Practices and Procedures of Judge McMahon:

   a. The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

   b. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

   c. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

14. Nothing in this Protective Order shall be construed to limit defendants' use of its own Confidential Materials in any manner.

15. This Confidentiality Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time and shall not be used by plaintiff for any purpose other than this litigation. Within 30 days after the termination of this Action, including any appeals, defendants' attorney shall provide Plaintiff with written notice regarding whether the Confidential Materials, including copies, notes, and other materials containing or referring to information derived therefrom, must be returned or if deleting the documents is sufficient. After being provided with written notice, plaintiff's attorney will comply with the provisions of the notice and destroy, delete and/or return all Confidential Materials.

17. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     New York, New York
           February 15, 2024

| | |
|---|---|
| SARA WOLKENSDORFER, ESQ.<br>*Attorney for Plaintiff*<br>14 Wall Street, Suite 1603<br>New York, NY 10005<br>(212) 300-6506 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City and Boodoo*<br>100 Church Street<br>New York, NY 10007<br>(212) 356-2322 |
| By: _____<br>Sara Wolkensdorfer | By: /s/ *Zachary Kalmbach*<br>Zachary Kalmbach |

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

Dated: 2/20/2024

- 7 -

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated _____, 2024, in the action titled <u>Yamill Vega v. City of New York, et al.</u>, 23 Civ. 5645 (CM), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation